959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tad Wayne HENRY, Defendant-Appellant.
 No. 91-30057.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tad Wayne Henry appeals his conviction, following a conditional guilty plea, for possession with intent to distribute at least one gram of LSD and at least one hundred grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). Henry contends that the district court erred by denying his motion to suppress evidence seized following his arrest because the arrest was not supported by probable cause to believe that he was engaged in money laundering. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A warrantless arrest must be supported by probable cause. United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990). The determination of probable cause is a mixed question of law and fact in which the legal issues predominate, and is therefore subject to de novo review. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990). We must accept the underlying facts as found by the district court unless clearly erroneous. United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.1986), cert. denied, 476 U.S. 1185 (1986).
 
 
 4
 "Probable cause exists when the police know 'reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense.' " Del Vizo, 918 F.2d at 825 (quoting United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1296 (9th Cir.1988)). Law enforcement officers may draw upon their experience and expertise in determining the existence of probable cause. Hoyos, 892 F.2d at 1392. Probable cause may be based on the collective knowledge of all of the officers involved in an investigation. Id. Thus, seemingly innocent conduct may provide the basis for probable cause when viewed in light of all of the information known at the time of the arrest. United States v. Rodriguez, 869 F.2d 479, 483 (9th Cir.1989).
 
 
 5
 The money laundering statute, 18 U.S.C. § 1956, provides in pertinent part:
 
 
 6
 (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
 
 
 7
 (A)(i) with the intent to promote the carrying on of specified unlawful activity; or
 
 
 8
 (B) knowing that the transaction is designed in whole or in part--
 
 
 9
 (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.
 
 
 10
 Here, Special Agent (Agent) Dan Moren of the Drug Enforcement Administration (DEA) arrested Henry for money laundering following an undercover investigation. At the time of the arrest, the following factors were known to Agent Moren: (1) according to a confidential informant, money from Mike Misckin was to be used to post the $100,000 bail for Scott McRoberts, who had been arrested on unrelated drug charges; (2) Misckin's sole source of income was reportedly from drug trafficking; (3) Misckin had agreed to post the bail if George McRoberts, Scott McRoberts' father, agreed to post $50,000 equity in his house; (4) the purpose of the scheme was apparently to disguise drug trafficking income; (5) the money was to be delivered by Henry to George McRoberts at the Seattle, Washington airport on September 26, 1990; (6) On September 26, 1990, two DEA agents observed Henry leave his residence several times to put small bags into the trunk of his car, and eventually leave to meet Agent Moren and the confidential informant at the airport; (7) George McRoberts told Agent Moren that he suspected Misckin to be "high up in the organization" which Agent Moren, based on information known to him at that time, understood to mean drug organization; (8) Agent Moren witnessed Henry give $50,000 to George McRoberts and $10,000 to the confidential informant; and (9) when asked by Agent Moren whether he would be willing to "do business" in the future, Henry responded affirmatively.
 
 
 11
 Agent Moren testified that he corroborated much of the information provided by the confidential informant. This information together with Agent Moren's personal knowledge and observations was sufficient to lead a prudent person to believe that Henry had violated the money laundering statute. See Del Vizo, 821 F.2d at 825-27 (probable cause to arrest established where defendant drove in tandem with co-defendant who was at residence reported by confidential informant to be site of narcotics activity, defendant and co-defendant conversed by cellular phone, defendant frequently checked to see if he was being followed, and another co-defendant drove defendant's vehicle with package inside in counter-surveillance fashion); Hoyos, 892 F.2d at 1392, 1393 (probable cause to arrest established by counter-surveilance driving, calls to pager, and defendant's presence at meeting in parking lot with drug traffickers); United States v. Angulo-Lopez, 791 F.2d 1394, 1398-99 (9th Cir.1986) (probable cause established by information provided by reliable informants and surveillance of defendants exchanging objects at shopping center). Accordingly, the district court did not err by denying Henry's motion to suppress.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3